UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TAHINA M. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:23-cv-00076-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| *sued as Leland Dudek, Acting Commissioner* ) | |
| *of Social Security Administration,*[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Tahina M. Smith brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On October 24, 2023, upon an agreed motion to remand by the parties, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Smith's favor. (ECF 22-24).

Smith's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $13,977.50, less an offset of $6,489.74 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $7,487.76 for Counsel's

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kilolo Kijakazi as the defendant in this suit. *See Michael A. C. v. Leland Dudek*, No. 1:22-cv-5422, 2025 WL 552464, at *1 n.1 (N.D. Ill. Feb. 19, 2025).

[2] Smith is also represented in this action by attorneys Ann Young and Randal Forbes, both of the same law firm as Rodman. (ECF 3-5). The term "Counsel" as used herein shall refer to one or more of these attorneys.

representation of Smith in federal court. (ECF 27).³ The Commissioner states that he neither supports nor opposes the fee request of $13,977.50. (ECF 28 at 2). For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On January 23, 2023, Counsel entered into a fee agreement with Smith for his representation of Smith in federal court, in which Smith agreed to pay Counsel 25 percent of any past-due benefits awarded to her. (ECF 27-1).⁴ On February 16, 2023, Smith, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, pursuant to the parties' agreed motion to remand (ECF 22), the Court entered a judgment in Smith's favor and remanded the case on October 24, 2023. (ECF 23, 24).

On November 18, 2023, Smith, via Counsel, filed a request for attorney fees under the EAJA in the amount of $6,429.74, plus $60 in paralegal fees, for the 26.7 hours his firm spent advocating Smith's claim in federal court. (ECF 25; *see* ECF 25-3). The Court granted the motion on December 14, 2023, awarding a total fee award of $6,489.74. (ECF 26).

On March 29, 2025 the Commissioner sent Smith a notice of award, informing that she was found disabled and entitled to monthly disability benefits beginning August 2021 and $55,910 in past-due benefits. (ECF 27-5 at 1-2, 4). The Commissioner further explained that he withheld $13,977.50 as 25 percent of Smith's past-due benefits to pay Smith's attorneys. (*Id.* at

---

³ Counsel actually asked for a fee award of $13,982.37 in his motion. (ECF 27 at 2, 6). However, the Commissioner observed in response that Counsel's requested amount slightly exceeds 25 percent of the past-due benefits awarded to Smith. (ECF 28 at 1-2). Accordingly, in his reply brief Counsel reduced his fee request to $13,977.50, which is 25 percent of Smith's past-due benefits. (ECF 29).

⁴ The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2-5).

On April 3, 2025, Counsel filed the instant motion, together with supporting exhibits, seeking the Court's approval of a § 406(b) award in the amount of $13,982.37, which he reduced to $13,977.50 in his reply brief, less an offset for $6,489.74 in EAJA fees previously awarded, resulting in a net payment of $7,487.76 from Smith's withheld past-due benefits for Counsel's representation before this Court. (ECF 27, 27-1 to 27-5, 29). As stated earlier, the Commissioner filed a response stating that he takes no position on the motion. (ECF 28 at 2).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *See Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *See id.*; *see also Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[5]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See Gisbrecht*, 535 U.S. at 794-95; *see also* 20 C.F.R. §§ 404.1725(a), 416.1525(a).[6] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

---

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

[6] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[7] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery

---

[7] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $13,977.50 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits indicates that the Commissioner withheld $13,977.50 as 25 percent of Smith's past-due benefits, which totaled $55,910. (ECF 27-1 at 1-2, 4). As such, the fee amount that Counsel requests, $13,977.50, does not exceed 25 percent of Smith's total past-due benefits.

Counsel contends that the requested fee award of $13,977.50 "is reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (ECF 27 ¶ 12). Indeed, the risk of loss the attorney assumes in representing the plaintiff is a factor some courts consider when assessing the reasonableness of the requested fee. *See, e.g.*, *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the

5

cases." (footnote omitted)). It is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, it is obvious that Counsel obtained a good result for Smith, as the Commissioner agreed to remand the case and ultimately found Smith disabled and awarded her disability benefits. (*See* ECF 22, 27-4, 27-5); *see also Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Arnold*, 106 F. 4th at 601. Counsel timely litigated the case and the subsequent fee motions, reasonably requesting two 28-day extensions of time that did not materially delay the case overall. (*See* ECF 12, 14); *see also Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Nor is there any indication of record that Smith was dissatisfied with Counsel's representation. *See Arnold*, 106 F.4th at 601 (identifying "the claimant's satisfaction with their attorney's representation" as a factor to consider in 406(b) fee cases).

Moreover, Counsel's requested fee of $13,977.50 divided by the 26.7 hours his firm spent on the case in federal court equates to an effective rate of about $524 per hour, which is within the range of past awards approved by this Court. *See, e.g.*, *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour). This bolsters the Court's conclusion that the

contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th at 600 (citation and quotation marks omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $13,977.50, less an offset for $6,489.74 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $7,487.76. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 27) is GRANTED in the amount of $13,977.50, less an offset for $6,489.74 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $7,487.76. The Commissioner shall pay Counsel $7,487.76 out of Smith's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Smith. Counsel is allowed to retain the $6,489.74 in EAJA fees previously awarded.

SO ORDERED.

Entered this 28th day of April 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge